UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Zerlena Enoch-Combs,                                  Case No. 3:16-cv-0177

      Plaintiff

v.                                                    MEMORANDUM OPINION
                                                      AND ORDER

Stephen D. Steinour, CEO.,

      Defendant


### BACKGROUND AND HISTORY

Plaintiff Zerlena Enoch-Combs filed this action against Stephen D. Steinour, CEO of Huntington Bank, on behalf of herself and Rashida Morris, Giovanni Plater, Imani Plater, Angie Enoch, and James Enoch. She alleges Huntington Bank allowed her account and the accounts of Morris, the Platers and the Enochs to be garnished or seized. She asserts claims for loan sharking, violations of the Consumer Protection Act, the Truth in Lending Act, the Civil Rights Act, and the Federal Deposit Insurance Act. She seeks monetary damages.

### PLAINTIFF'S CAUSES OF ACTION

Enoch-Combs provides very little factual information in her Complaint. She states that Huntington Bank denied her, Morris, the Platers and the Enochs access to cash in their accounts, and permitted garnishment of their funds. She states, without explanation, that Morris, the Platers and the Enochs were not parties "to any type of dispute, what-so-ever." (Doc. No. 1 at 2). She

states Huntington Bank obstructed official federal court business. She also contends she has never done a transaction on Morris's account. She states that neither "the IRS, nor this Court has the right to block ...access to social security funds." (Doc. No 1 at 1). On her *In Forma Pauperis* Application, she mentions owing back taxes. (Doc. No. 2 at 4).

Enoch-Combs also indicates Huntington removed $1200.00 from her account. She states that her daughters used their debit cards, causing their accounts to be overdrawn by $1.37 and $ 4.00 respectively. She contends Huntington did not notify her daughters that their accounts were overdrawn. She further states she did not agree to a debit card loan. She indicates she wants to have the money restored to her account.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not

2

required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

As an initial matter, Enoch-Combs is not an attorney and cannot represent Morris, the Platers or the Enochs in court. In general, a party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). An adult litigant who wishes to proceed *pro se* must personally sign the Complaint to invoke this Court's jurisdiction. *See* 28 U.S.C. § 1654; *Steelman v. Thomas*, No. 87-6260, 1988 WL 54071 (6th Cir. May 26, 1988). The only signature on the Complaint is that of Enoch-Combs. There is no indication that she is a licensed attorney, and therefore her signature is not effective to bring the claims of any other individual, including Morris, the Platers, or the Enochs, before this Court.

In addition, Enoch-Combs cannot base her claim for relief on injuries suffered by others. To have standing to bring a claim in federal court, a party must assert claims based on violations of her own legal rights and interests, and cannot rest her claims to relief on the legal rights or interests of third parties. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *Allstate Insurance Co. v. Wayne County*, 760 F.2d 689, 693 (6th Cir. 1985). The fact that Enoch-Combs may be collaterally affected by the adjudication of the rights of another person does not necessarily extend the Court's Article III powers to her. *Allstate Insurance Co.*, 760 F.2d at 692. Here, she alleges assets of Morris, Giovanni Plater, and James Enoch were seized, causing their checks to bounce, their utilities to be turned off,

and their insurance to be cancelled. Although these transactions may be related to Enoch-Combs's delinquent taxes or other indebtedness, she lacks standing to assert claims based on confiscation of funds from accounts belonging to Morris, the Platers, or the Enochs.

Enoch-Combs's allegations pertaining to garnishment of her funds are insufficient to state a claim upon which relief may be granted. She alleges very few facts concerning her own bank accounts. She indicates she owes money for delinquent taxes and she suggests but does not actually allege that the Internal Revenue Service may be the entity responsible for levying against her accounts. She faults Huntington Bank for allowing her account to be levied, and brings this action against the CEO of Huntington Bank, Stephen Steinour, for violation of the Consumer Protection Act, the Truth in Lending Act, The Civil Rights Act 42 U.S.C. § 1983, and the Federal Deposit Insurance Act.

Enoch-Combs does not allege sufficient facts to suggest any of these federal statutes are relevant to her case. There are several federal statutes which are labeled as Consumer Protection Acts, including the Wall Street Reform and Consumer Protection Act, 12 U.S.C. § 5301, et seq., the Telephone Consumer Protection Act, 47 U.S.C. 227 et seq., and the Bankruptcy Abuse Prevention and Consumer Protection Act, 11 U.S.C. § 526-528. While any of these statutes could be applicable to this action under the right circumstances, Enoch-Combs has not suggested how any of them is at issue in this case. The Truth in Lending Act, 15 U.S.C. § 1601 et seq., was enacted to assure meaningful disclosure of credit terms so that consumers can more readily compare the various credit terms available and to protect the consumer from inaccurate and unfair practices. *See*. 15 U.S.C. § 1601(a). Enoch-Combs does not allege facts to reasonably suggest a lending situation was involved in this case. Similarly, she does not cite to any particular provision of the Federal Insurance Deposit Act, 12 U.S.C.A. § 1811 *et seq.*, that she believes the Defendant violated and none is apparent on the

4

face of the pleading. In general, the statute does not provide a private right of action against a banking executive. *See* Salt Lick Bancorp v. F.D.I.C., 187 F. App'x 428, 435 (6th Cir. 2006). Finally, Enoch-Combs asserts violations of the Civil Rights Act, 42 U.S.C.§ 1983. Claims under § 1983 can only be brought against a state government official or employee. The CEO of Huntington Bank is not a state government employee. Enoch-Combs has not alleged sufficient facts to assert a plausible federal cause of action.

## CONCLUSION

Enoch-Combs's Application to Proceed *In Forma Pauperis* is granted. Having considered and examined her pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge